UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIA COHEN, Derivatively on Behalf of Nominal Defendant AEVEX CORP.,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN RADUENZ; ROGER WELLS; BRADLEY FELDMANN; MATTHEW M. KLEIN; BRANDON LEVITAN; BENJAMIN SPACAPAN; TODD BOOTH; MADISON DEARBORN PARTNERS, LLC; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; and JEFFERIES LLC,<br><br>Defendants,<br><br>and<br><br>AEVEX Corp.,<br><br>Nominal Defendant. | Lead Case No.: 26-CV-5266-TWR-SBC<br><br>**ORDER (1) CONSOLIDATING CASES, (2) APPOINTING CO-LEAD COUNSEL FOR PLAINTIFFS, AND (3) STAYING CONSOLIDATED DERIVATIVE ACTION**<br><br>(ECF No. 24) |
| LAJPAT GUPTA, Derivatively on Behalf of Nominal Defendant AEVEX CORP.,<br><br>Plaintiff,<br><br>v. | Member Case No.: 26-CV-5272-TWR-SBC<br><br>(ECF No. 19) |

BRIAN RADUENZ; ROGER WELLS; BRADLEY FELDMANN; MATTHEW M. KLEIN; BRANDON LEVITAN; BENJAMIN SPACAPAN; TODD BOOTH; MADISON DEARBORN PARTNERS, LLC; GOLDMAN SACHS & CO. LLC; BOFA SECURITIES, INC.; and JEFFERIES LLC,

Defendants,

and

AEVEX Corp.,

Nominal Defendant.

On September 11, 2026, Plaintiffs Sophia Cohen and Lajpat Gupta each filed a separate shareholder derivative complaint against Defendants Brian Raduenz; Roger Wells; Bradley Feldmann; Matthew M. Klein; Brandon Levitan; Benjamin Spacapan; Todd Booth; Madison Dearborn Partners, LLC; Goldman Sachs & Co. LLC; BofA Securities, Inc.; and Jefferies LLC on behalf of Nominal Defendant Aevex Corp. ("Aevex" or the "Company"), captioned *Cohen v. Raduenz et al.*, Case No. 3:26-CV-5266-TWR-SBC (the "*Cohen* Action"), and *Gupta v. Raduenz et al.*, No. 3:26-CV-5272-TWR-SBC (S.D. Cal. filed Sept. 11, 2026) (the "*Gupta* Action") (together, the "Derivative Actions"), respectively. Presently before the Court is Plaintiffs and Defendants' Joint Motion to Consolidate Related Derivative Actions, Appoint Co-Lead Counsel for Plaintiffs, and Temporarily Stay Proceedings ("Jt. Mot.," *Cohen* Action ECF No. 24 & *Gupta* Action ECF No. 19). Having concluded that the Derivative Actions involve "a common question of law or fact" under Federal Rule of Civil Procedure 42(a), the Court **GRANTS** the Joint Motion and **ORDERS**:

/ / /

/ / /

1. The *Cohen* and *Gupta* Actions, which are both presently before this Court, are **CONSOLIDATED** for all purposes, including pretrial proceedings, trial, and appeal, into the Consolidated Derivative Action;

2. Every pleading filed in the Consolidated Derivative Action, or in any separate action later consolidated with this action, **SHALL BEAR** the following caption:

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE AEVEX CORP. STOCKHOLDER DERIVATIVE LITIGATION<br>________________<br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. 3:26-cv-05266 |

3. All papers filed in connection with the Consolidated Derivative Action **SHALL BE MAINTAINED** in one file under Lead Case No. 3:26-cv-5266-TWR-SBC. All papers and documents previously filed and/or served in the Derivative Actions **SHALL BE DEEMED** a part of the record in the Consolidated Derivative Action;

4. Defendants in the Consolidated Derivative Action **ACCEPT** service of the Summonses and Complaints filed in the *Cohen* and *Gupta* Actions. Defendants **SHALL HAVE NO OBLIGATION** to answer, move, or otherwise respond to either Complaint during the pendency of the stay provided herein, and their respective deadlines to respond **SHALL BE ADJOURNED** *sine die* pending further order of the Court;

5. This Order **SHALL APPLY** to each related purported shareholder derivative action asserting claims derivatively on behalf of Aevex ("Potential Subsequent Related Derivative Actions") that is filed in or transferred to this Court. When a case that properly belongs as part of *In re Aevex Corp. Stockholder Derivative Litigation*, Lead Case No. 3:26-cv-5266-TWR-SBC, is hereafter filed in or transferred to this Court, Plaintiffs

promptly **SHALL FILE** a notice of related case pursuant to Civil Local Rule 40.1(f), identifying the related action or proceeding and bringing its filing or transfer to the attention of the Clerk of Court for consideration of whether it should be consolidated with the Consolidated Derivative Action. Co-Lead Counsel **SHALL SERVE** counsel in any such related action with notice of this Order. Defendants promptly **SHALL NOTIFY** Plaintiffs upon becoming aware of any such related action and, in all events, no later than fourteen (14) days after service upon any Defendant of the complaint in that action;

6. Co-Lead Counsel for Plaintiffs for the conduct of the Consolidated Derivative Action **SHALL BE**:

**JOHNSON FISTEL, PLLP**
Frank J. Johnson
Kristen O'Connor
Anthony E. Mance
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 230-0063

**HERMAN JONES LLP**
John C. Herman
Candace N. Smith
Carlton R. Jones
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA 30326
Telephone: (404) 504-6500

7. Co-Lead Counsel **SHALL HAVE** the sole authority to speak for Plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and **SHALL MAKE** all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

8. Co-Lead Counsel **SHALL BE RESPONSIBLE** for coordinating all activities and appearances on behalf of plaintiffs. No motion, request for discovery, or other pre-trial or trial proceedings **SHALL BE INITIATED** or filed by any Plaintiffs except through Co-Lead Counsel;

9. Defendants' counsel **MAY RELY** upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements **SHALL BE BINDING** on all Plaintiffs in the Consolidated Derivative Action;

10. This Joint Motion is without prejudice to any and all defenses Defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims Plaintiffs may assert;

11. The Consolidated Derivative Action **SHALL BE STAYED** until the resolution of the anticipated motion to dismiss in *Rosenberg v. AEVEX Corp. et al.*, No. 26-CV-4779-TWR-SBC (S.D. Cal. filed Aug. 20, 2026) (the "Securities Class Action"), and, if the anticipated motion to dismiss is granted, until the resolution of any motion to dismiss any further amended complaint in the Securities Class Action and/or until the resolution of any appeal of the Court's decision to dismiss the Securities Class Action, as applicable (the "Stay");

12. The Parties agree that, notwithstanding this Stay of this Consolidated Derivative Action, Plaintiffs **MAY DESIGNATE** an operative complaint or **MAY FILE** a consolidated or an amended complaint; however, Defendants need not answer or otherwise respond to the complaint or to any other complaint or amended complaint that is filed in or consolidated with the above-captioned action during the pendency of this Stay. The Parties also **MAY MOVE** to consolidate a Potential Subsequent Related Derivative Actions filed in or transferred to this District;

13. The Parties **SHALL NOTIFY** the Court within <u>thirty (30) days</u> after the occurrence of any of the following events that trigger the lifting of the Stay: (i) the dismissal with prejudice of the Securities Class Action and exhaustion of all appeals related thereto, (ii) the denial of any motion to dismiss the Securities Class Action in whole or in part, or (iii) any of the Parties to this Stipulation has given seven days' notice that they no longer consent to the voluntary Stay of the Consolidated Derivative Action. Concurrent with such notification, the Parties **SHALL SUBMIT** to the Court (i) a request to continue to the Stay; or (ii) a proposed schedule for resuming proceedings in this Consolidated Derivative

Action, including dates by which Plaintiffs must either file a consolidated amended complaint (if not already filed pursuant to paragraph 12), or designate one of the previously filed complaints as the operative complaint, and a date by which Defendants must answer, move against, or otherwise respond to the operative complaint, and any associated briefing schedules;

14. Without waiving any defenses or objections, including enforcement of the exclusive forum provision of the Company's bylaws, Defendants **ARE NOT REQUIRED** to answer, move to dismiss, or otherwise respond to any complaint during the Stay;

15. The Company's counsel promptly **SHALL NOTIFY** Plaintiffs' counsel if they become aware of any other derivative action filed in any forum, any litigation demand, or any books and records demand that is based on the same or substantially similar facts as those in this Consolidated Derivative Action. The Company's counsel promptly **SHALL NOTIFY** Plaintiffs' counsel if such another derivative action is not stayed for the same or longer duration of time as the Consolidated Derivative Action;

16. Should Defendants fail to obtain a stay of litigation of a Potential Subsequent Related Derivative Actions, Plaintiffs **MAY MOVE** to lift the Stay upon thirty days' notice to Defendants through their counsel via the email addresses as listed on the docket of the Consolidated Derivative Action;

17. If, during the pendency of the Stay, Aevex provides copies of any books and records to a stockholder in response to a demand pursuant to 8 Del. C. § 220 ("Section 220 Documents") that relates to the subject matter of the Consolidated Derivative Action, Aevex also promptly **SHALL PRODUCE** copies of such Section 220 Documents to Plaintiffs, subject to counsel entering a reasonable and mutually agreed-to confidentiality or protective order governing the use and disclosure of any confidential material therein. To the extent any amended complaint is based on any information derived from the Section 220 Documents, Plaintiffs agree that they **SHALL SEEK** leave to file under seal references to such information pursuant Section III.C.4 of the undersigned's Standing Order for Civil Cases. Plaintiffs hereby **AGREE** that copies of any Section 220

Documents provided to Plaintiffs pursuant to this paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in the Consolidated Derivative Action, and Plaintiffs shall not make any argument to the contrary in any motion or otherwise;

18. In the event that a mediation or formal settlement discussions take place with regard to any other factually related or threatened shareholder derivative actions, Defendants **SHALL PROVIDE** reasonable advance notice of and **SHALL INVITE** Plaintiffs to any such mediation or formal settlement discussions;

19. In the event that mediation or formal settlement discussions take place with regard to the Securities Class Action, Defendants **SHALL PROVIDE** reasonable advance notice of and **SHALL INVITE** Plaintiffs to any such mediation or formal settlement discussions, subject to the approval of the plaintiffs in the Securities Class Action. If Plaintiffs are not permitted to participate in a mediation with the parties in the Securities Class Action, then Defendants will discuss with Plaintiffs a potential separate mediation at or around the same time as the mediation or formal settlement discussions in the Securities Class Action.

20. Unless otherwise ordered by the Court, this Order, including the terms of the temporary Stay, **SHALL APPLY** to any Potential Subsequent Related Derivative Actions that may later be instituted in or transferred to this District that involve similar or related claims, that are consolidated with this Consolidated Derivative Action, or that are otherwise deemed related to this Consolidated Derivative Action.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Honorable Todd W. Robinson
United States District Judge